# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **DARRON L. BECKER,** | |
| **Plaintiff,** | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| **vs.** | |
| **BRINKS, et al.,** | Case No. 2:09CV521DAK |
| **Defendants.** | |

This case was assigned to United States District Court Judge Dale A. Kimball, who then referred it to United States Magistrate Judge Samuel Alba under 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Alba issued a Report and Recommendation on December 9, 2010, concluding that Defendants were entitled to summary judgment because there is no genuine issue as to any material fact and recommending that Defendants' Motion for Summary Judgment be granted.

The Report and Recommendation notified the parties that any objection to the Report and Recommendation was required to be filed within ten days of receiving it. Plaintiff filed objections to the Report and Recommendation, and Defendants filed a file a response to Plaintiff's objections. The matter, therefore, is fully briefed.

The court has reviewed the record in this case *de novo.* Specifically, the court has reviewed the pleadings in this case, the materials submitted by the parties in connection with Defendants' Motion for Summary Judgment, Magistrate Judge Alba's December 9, 2010 Report

and Recommendation, Plaintiff's objections to the Report and Recommendation, and Defendants' response to those objections.

Plaintiff stated several objections to the Report and Recommendation. The court has reviewed each of these objections and carefully considered whether any of the objections impact the analysis contained in the December 9, 2010 Report and Recommendation. Plaintiff first contends that Magistrate Judge Alba has a bias against pro se litigants. Nothing in the record supports such an assertion. At the hearing on the motion for summary judgment, Magistrate Judge Alba merely noted the limitations many pro se litigants face. Nothing in those comments suggest a bias against pro se litigants. Magistrate Judge Alba applied the correct standard for a pro se litigant and construed Plaintiff's complaint liberally.

Plaintiff also asserts that his constitutional rights were violated because he was not provided with representation. Pro se litigants in civil cases have no constitutional right to representation. *Beaudry v. Corrections Corp. of America*, 331 F.3d 1164, 1169 (10th Cir. 2003). Moreover, in this case, Magistrate Judge Alba appointed counsel for Plaintiff. Plaintiff's appointed counsel, however, withdrew from representation citing to Rule 11 of the Federal Rules of Civil Procedure. Therefore, the court granted Plaintiff the opportunity of having counsel even though it is not a constitutional requirement in civil cases. Furthermore, this argument is not a basis for objecting to the analysis contained in Magistrate Judge Alba's December 9, 2010 Report and Recommendation with respect to summary judgment.

Plaintiff further contends that the court should consider the fact that Defendants presented him with settlement offers. The court cannot consider settlement offers for purposes of determining the merits of the case at the summary judgment stage. In addition, the court notes

that Defendants present settlement offers for various reasons other than an admission of liability. Defendants commonly offer settlement amounts to avoid the costs of litigation. Therefore, not only is it improper for the court to consider settlement offers in this context, there is no factual support for Plaintiff's assertion that the settlement offers demonstrate liability.

With respect to whether a genuine issue of material fact exists, Plaintiff asserts that Magistrate Judge Alba improperly discounted the evidence he provided as to material factual disputes. However, whether the soft guns were pointed and fired at Plaintiff or within his vicinity is not a material factual dispute. Even if the soft guns were pointed and fired at Plaintiff, Plaintiff has failed to state causes of action that rely on that fact. Plaintiff also fails to demonstrate how his communications regarding the shooting incidents are material to his stated causes of action. There is no duty for an employer to report potentially illegal conduct that occurred to its employee. In addition, the record shows that Brinks did investigate the incident and disciplined employees as a result of it. Therefore, the factual dispute appears to be irrelevant.

In addition, Plaintiff disagrees with Magistrate Judge Alba's legal analysis. The court, however, agrees with Magistrate Judge Alba's legal reasoning and finds no merit to Plaintiff's contentions. Because the court fully agrees with the analysis contained in Magistrate Judge Alba's Report and Recommendation, the court approves and adopts the December 9, 2010 Report and Recommendation in its entirety. Accordingly, Defendants' Motion for Summary Judgment is GRANTED. The Clerk of Court is directed to close this case, with each party to bear its and his own fees and costs related to this litigation.

DATED this 10th day of January, 2010.

BY THE COURT:

_____

DALE A. KIMBALL
United States District Judge